## HALSTED v. HALSTED.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. DIVORCE—ALIMONY.

In a husband's action for absolute divorce, a decree in his favor was reversed on appeal. Thereafter, but before the actual entry of the order of reversal, the wife made an application for alimony and counsel fees, and the order granting her motion was not entered until after entry of the order of reversal. *Held*, that her application was not premature.

2. DECREE—REVERSAL ON APPEAL—EFFECT.

A husband, who had secured a decree of absolute divorce, thereafter, in reliance upon the decree, drew and expended the income of certain trust funds, to which he was entitled. Subsequently the decree was reversed on appeal. *Held*, that prior to the reversal he was entitled to thus rely on the decree.

Appeal from special term.

Suit by Charles S. Halsted against Sarah B. Halsted for divorce. From an order directing the payment of alimony and counsel fees, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

G. W. Carr, for appellant.
H. D. Hotchkiss, for respondent.

VAN BRUNT, P. J. This action was begun by the plaintiff to obtain an absolute divorce from the defendant. Such proceedings were had that on the 26th of November, 1894, a decree of absolute divorce was entered in favor of the plaintiff. Prior to that time certain allowances had been made to the plaintiff, by way of alimony and counsel fees. From this decree an appeal was taken to the appellate division. The judgment was reversed, and a new trial ordered; the decision being handed down on the 15th of April, 1897. 44 N. Y. Supp. 1119. Before any formal order of the appellate division was entered, the defendant's application, which resulted in the order now appealed from, was made and decided; the court, by special direction in the order, overruling the plaintiff's objection that the application was premature. Before the order upon this motion was entered, the formal order of the appellate division, reversing the judgment and ordering a new trial, was entered. We do not think that the preliminary objection made on the part of the appellant was well taken. The appellate division had formally announced what it intended to do with the appeal; and the appellant's counsel states that on the 15th of April, 1897, which was the day of the announcement of the decision, the judgment was reversed, and a new trial ordered, by the appellate division. The entry of the formal order carrying into effect the announced determination of the appellate division was made before the entry of the order upon this application; and, in an action of this description, we do not think that the technical objection urged by the plaintiff should prevail.

It appears from the evidence that the plaintiff is in receipt of the income of certain trust funds, and that, relying upon the decree of

divorce which he had obtained, he had drawn the moneys belonging to these trust funds, and expended the same. That he had a right to rely upon such decree seems to be recognized in the case of Bailey v. Bailey, 45 Hun, 279; and, in determining this application, we have to consider the position of the plaintiff as it has existed since the reversal of the judgment in question. It appears that his income has been in the neighborhood of $10,000. It further appears that prior to the entry of the judgment certain allowances had been made for alimony to the defendant (namely, at the rate of $4,800 a year), which were to be credited upon a certain separation agreement between the parties. We think that these allowances should have been continued from the time of the reversal of the judgment, but that nearly the whole income of the plaintiff should not have been applied, as it was by the order appealed from. We are of opinion, therefore, that the order should be modified by allowing the plaintiff alimony at the rate and upon the terms which prevailed prior to the entry of the judgment; and, as so modified, the order should be affirmed, without costs. All concur.